**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALCED BROUSSARD,<br><br>      Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent | CASE NO. 1:03-CR-05054<br><br>ORDER DENYING PETITIONER'S MOTIONS FOR 18 U.S.C. § 3582(c)(2) REDUCTION OF SENTENCE AND FOR MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br>(Doc. Nos. 261 – 263) |

## I.      INTRODUCTION

On October 31, 2011, Alced Broussard ("Petitioner") filed a motion to modify sentence under 18 U.S.C. § 3582(c)(2) seeking relief from a 240-month imprisonment term. *See* Doc. No. 261. On June 7, 2013, Petitioner filed a subsequent motion to modify sentence under § 3582(c)(2). *See* Doc. No. 262. On September 16, 2013, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See* Doc. No. 263. For the reasons set forth below, Petitioner's motions for sentence reduction and motion to vacate, set aside or correct sentence will be denied.

## II.     BACKGROUND

On March 24, 2004, Petitioner was found guilty by jury of one count of conspiracy to

distribute over 50 grams of a mixture containing cocaine base, two counts of distributing cocaine base (one count for distributing 83.4 grams of cocaine base and the other for distributing .31 grams of cocaine base), and one count of possession of 5,677 grams of PCP with intent to distribute. On July 1, 2005, Petitioner was sentenced to 300 months imprisonment as a career offender under the Sentencing Reform Act of 1986 ("SRA"). On September 1, 2006, the Ninth Circuit affirmed Petitioner's conviction but reversed the trial court on sentencing Petitioner as a career offender. *United States v. Broussard*, 200 F. App'x 696 (9th Cir. 2006). On January 22, 2007, on remand the trial court sentenced Petitioner to 240 months imprisonment pursuant to the statutory mandatory minimum. *See* 21 U.S.C. 841(b)(1)(A)(iv), (b)(1)(A)(viii) (2006) (amended 2009). Pursuant to 21 U.S.C. §§ 841, 851, application of the statutory mandatory minimum was based on a quantity finding of controlled substances in combination with a prior conviction for a felony drug offense. *See* Doc. No. 187.

Subsequently, the Fair Sentencing Act of 2010 ("FSA") temporarily increased the threshold quantity of cocaine base required to trigger both the 5-year and 10-year statutory minimum sentencing requirements. *See* U.S.S.G. § 2D1.1(c)(7). Amendment 748 reduced the potential range of sentence terms under the Federal Sentencing Guidelines ("FSG") for cocaine base-related offenses. Amendment 750 permanently implemented the FSA. Effective November 1, 2011, Amendment 759 retroactively implemented the changes made by Amendment 750. *See* U.S.S.G. 1B1.10(c).

### III.   MOTIONS FOR SENTENCE REDUCTION

A. <u>Legal Standards</u>

A court may modify a term of imprisonment "to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). A court may authorize a reduction only if doing so is consistent with Federal Sentencing Commission policy statements. 18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 826

(2010); *see also Kimbrough v. United States*, 552 U.S. 85, 85 (2007) (recognizing judges' discretion to depart from a within-Guidelines sentence to "serve the objectives of sentencing."). The Federal Sentencing Commission expressly authorized the retroactive application of Amendment 750. U.S.S.G. 1B1.10(c).

B. <u>Discussion</u>

Petitioner seeks modification of sentencing for his conviction for distributing 83.4 grams of cocaine base. Petitioner's motion for modification pursuant to § 3582 is without merit and will be denied.

    i.    <u>Relief Under Fair Sentencing Act of 2010 Amendment 750 to United States Sentencing Guidelines</u>

In determining whether § 3582 warrants a sentence reduction, a court must determine the amended guideline range that would have applied to the Petitioner if the FSA had been in effect at the time Petitioner was sentenced. U.S.S.G. § 1B1.10(b)(1) (Policy Statement). If an amendment to the FSG does not lower the Petitioner's applicable guideline range, reducing the Petitioner's imprisonment term is not consistent with Sentencing Commission policy and is not authorized under § 3582(c)(2). U.S.S.G. § 1B1.10(a)(2)(B) (Policy Statement).

Under the FSG, when multiple types of drugs are involved, courts are within their purview to aggregate drugs to their marijuana equivalency. *See* U.S.S.G. § 2D1.1, Application Note: 7. Using the drug equivalency tables in place under the SRA, the sentencing court found reasonable basis to determine that Petitioner conspired to distribute and possessed the equivalent of 1,674.2 kilograms (83.71 grams of cocaine base), 5,677 kilograms (5,677 grams of PCP), and 4.3 grams (4.3 grams of marijuana) of marijuana. Under the SRA, the total quantity finding equated to 7,351.63 kilograms of marijuana, equaling a base offense level of 34. U.S.S.G. § 2D.1(c)(3) (2004) (amended 2010).

Using the drug equivalency tables as adjusted by the FSA, Petitioner would have been

found to be responsible for the equivalent of 298.92 kilograms (83.71 grams of cocaine base), 5,677 kilograms (5,677 grams of PCP), and 4.3 grams (4.3 grams of marijuana) of marijuana. *See* U.S.S.G. § 2D1.1, Application Notes: 8. Following the FSG, Petitioner's conviction of the marijuana equivalency total of 5980.22 kilograms would equal a base offense level of 34. U.S.S.G. § 2D.1(c)(3) (2014).

To be clear, the FSA reduced sentencing disparities between cocaine and cocaine base offenses. The FSA did not reduce or allow retroactive modification of PCP-related offenses. Even if Petitioner's conviction for the marijuana equivalency of 1,674.2 kilograms of cocaine base were if the marijuana equivalency of 1,674.2 kilograms of cocaine base for which Petitioner was found responsible were not included in the calculation, Petitioner would remain well within a base offense level of 34. *See* U.S.S.G. § 2D.1(c)(3) (providing a minimum level of 3,000 kilograms of marijuana or its equivalent to reach level of 34).

FSA Amendment 750 does not have the effect of lowering the guideline range that was available to the Petitioner at the time the Petitioner was sentenced. U.S.S.G. § 1B1.10(b)(1) (Policy Statement). Under both the pre- and post-FSA guidelines, Petitioner falls within base offense level of 34. Therefore, resentencing pursuant to the FSA is not consistent with Sentencing Commission policy and is not authorized under § 3582(c)(2).

  ii.  Relief Under 21 U.S.C. § 841

Resentencing under § 3582(c)(2) is only available to "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has *subsequently been lowered* by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added); *United States v. Black*, 737 F.3d 280, 286 (4th Cir. 2013) *cert. denied*, 134 S. Ct. 1902 (U.S. 2014). Assuming, *arguendo*, that a guideline range is otherwise warranted, Section 3582(c)(2) does not operate to lower a statutory mandatory minimum term of imprisonment. U.S.S.G. § 1B1.10 (Application Note: 1(A)). Petitioner was sentenced under a statutory mandatory minimum term of imprisonment and, under

the court's order, will maintain a 240-month sentence pursuant to § 841(b)(1)(A)(viii).

Petitioner's 240-month statutory mandatory minimum sentence is a result of the quantity of PCP in his possession and prior conviction for a felony drug offense. In relevant part, Section 841 instructs that it is unlawful for any person to knowingly or intentionally possess a controlled substance with intent to distribute. 21 U.S.C. § 841(a)(1). Any person found in violation of §841(a)(1) with 100 grams or more of PCP and who has a prior conviction for a felony drug offense, *shall* be imprisoned not less than 20 years, that is 240 months. 21 U.S.C. § 841(b)(1)(A)(iv), (b)(1)(A)(viii). Petitioner was convicted of possession with intent to distribute 5,677 grams of PCP. That amount of PCP triggers §841(b)(1)(A)(iv). Petitioner had a drug-related felony offense prior to this conviction. See 21 U.S.C. § 841(b)(1)(A)(viii). Therefore, this Court will not modify Petitioner's 240-month term of imprisonment pursuant to § 841(b)(1)(A)(viii).

### III.   MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

A. Introduction

On September 16, 2013, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to § 2255 asking that this Court find the holding of *Alleyne v. United States*, 133 S. Ct. 2151 (2013) retroactive and seeking relief from his statutory mandatory minimum term of imprisonment. The statutory mandatory minimum term of imprisonment was imposed on Petitioner in part upon the trial court's recognition of a prior felony drug offense pursuant to 21 U.S.C. § 851. Title 21 U.S.C. § 851 establishes the procedural requirements for judicial consideration of a defendant's alleged prior conviction(s). Petitioner asserts that retroactively applying *Alleyne* requires the jury, not the judge, to find the underlying predicate offense beyond a reasonable doubt. *See* Doc. No. 263. In the alternate, Petitioner asks this Court to find § 851 unconstitutional in the wake of *Alleyne*. *Id*.

B. Legal Standard

Title 28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of

a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Habeas relief is available to correct errors of jurisdiction and constitutional error but a general "error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, when a court receives a section 2255 motion, the court must initially screen it, and dismiss it summarily if it plainly appears that the moving party is not entitled to relief. *See United States. v. Quan,* 789 F.2d 711, 715 (9th Cir. 1986).

A. Retroactivity of *Alleyne* and Constitutionality of 21 U.S.C. § 851

For a final judgment of conviction, a § 2255 motion recognizes a 1-year statute of limitations beginning on the date that the right asserted is recognized by the Supreme Court and "made retroactively applicable to cases on collateral review." 28 U.S.C. 2255(f)(3). A new rule or right is not retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive. *Tyler v. Cain*, 533 U.S. 656, 663 (2001). On June 17, 2013, the Court recognized a defendant's right to have facts that trigger the application of mandatory minimum sentences submitted to the jury and found beyond a reasonable doubt. *Alleyne*, 133 S.Ct. at 2153. The Court did not, however, recognize the retroactive application of *Alleyne*. What is more, *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which itself is not retroactive on collateral review. *See Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1246 (9th Cir. 2005) (recognizing *Apprendi* is not retroactive).

The Ninth Circuit has not addressed *Alleyne*'s retroactive application. District Courts in this Circuit have uniformly declined to recognize its retroactivity. *See, e.g.*, *Nuno v. United States*,

1:08-CR-0059 AWI, 2014 WL 1655519, *4 (E.D. Cal. Apr. 24, 2014); *United States v. Castro-Prieto*, CR-06-6049-EFS, 2014 WL 1648730, *4, n. 4 (E.D. Wash. Apr. 23, 2014) (refusing to recognize a new 1-year statute of limitations based upon *Alleyne*); *United States v. Blackwell*, 3:07-CR-00044-TMB-1, 2014 WL 1652483, *1 (D. Alaska Apr. 23, 2014); *Cox v. Feather*, C13-2075RSL, 2014 WL 1613450, *3 (W.D. Wash. Apr. 22, 2014); *United States v. Shannon*, 3:94-CR-00332-RE, 2014 WL 1622206, *1 (D. Or. Apr. 21, 2014); *Rouche v. United States*, 2014 U.S. Dist. LEXIS 55868, *7-*8 (W.D. Wash. April 21, 2014); *United States v. Alvarado*, CR 01-00419 CRB, 2014 WL 460946, *2 (N.D. Cal. Feb. 3, 2014); *Blount v. Tews*, CV 14-0436-JLS RNB, 2014 WL 1092843, *2 (C.D. Cal. Jan. 29, 2014) *report and recommendation adopted*, 2014 WL 1093026 (C.D. Cal. Mar. 18, 2014). Other Circuit Courts that have considered *Alleyne*'s retroactivity have determined that retroactivity does not apply. *See United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *United States v. Redd*, 735 F.3d 88, 91 (2d Cir. 2013); *United States v. Stewart*, 540 F. App'x 171, n.1 (4th Cir. 2013), *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013); *In re Payne*, 733 F.3d 1027, 1030 (10th Cir. 2013).

Even if *Alleyne* were applied retroactively, Petitioner's motion would still be without merit. Petitioner relies on the argument that, as an extension of *Apprendi*, the holding in *Alleyne* requires that the jury find the predicate offense beyond a reasonable doubt before it is used to determine the applicability of statutory mandatory minimum sentences. *See* Doc. No. 263. Petitioner is correct that *Alleyne* is an extension of *Apprendi*. *Alleyne*, 133 S.C.t. at 2153 ("*Apprendi*'s principle applies with equal force to facts increasing the mandatory minimum…").

Petitioner, however, mischaracterized the holding in *Apprendi*. In relevant part, *Apprendi* provides: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."*Apprendi*, 530 U.S. at 490; *see also*, *United States v. Harris*, 741 F.3d 1245,

1249 (11th Cir. 2014) (upholding judicial use of prior convictions during sentencing without a jury finding those prior convictions beyond a reasonable doubt and noting *Apprendi*'s "distinction between 'normal' judicial factfinding and the use of prior convictions as a factual basis for sentence enhancement."). Therefore, *Alleyne* does not require that prior convictions be submitted to a jury in order for the predicate offense to be taken into account during sentencing. Further, *Alleyne* is not retroactively applicable. The sentencing court properly considered Petitioner's prior conviction to determine the applicability of statutory mandatory minimum sentencing. Similarly, as *Alleyne* is an extension of *Apprendi* and *Apprendi* explicitly exempts prior convictions from the requirement that factors which increase the penalty for a crime be submitted to the jury, this Court will not rule § 851 unconstitutional.

It is plainly apparent that Petitioner is not entitled to relief under § 2255.

### IV.    Order

Based on the foregoing, it is hereby ORDERED that:

1) Petitioner's motion for sentence reduction under Amendment 750 is DENIED;

2) For the reasons set forth in Section II, Petitioner's motion for sentence reduction under Amendment 748 is moot and DENIED; and

3) Petitioner's motion to vacate, set aside or correct sentence pursuant to 21 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

Dated:   June 18, 2014                              _____
                                                              SENIOR DISTRICT JUDGE