IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCED BROUSSARD,<br><br>             Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>             Respondent | CASE NO. 1:03-CR-05054<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY |

On October 31, 2011, Alced Broussard ("Petitioner") filed a motion to modify sentence under 18 U.S.C. § 3582(c)(2) seeking relief from a 240-month imprisonment term. *See* Doc. No. 261. On June 7, 2013, Petitioner filed a subsequent motion to modify sentence under section 3582(c)(2). *See* Doc. No. 262. On September 16, 2013, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See* Doc. No. 263. This Court denied Petitioner's motions but did address whether it would issue a certificate of appealability ("COA"). The Court now declines to issue a COA.

Absent a COA from the circuit court or the district court, "an appeal may not be taken from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255." *Chafin v. Chafin,* ––– U.S. –––, 133 S.Ct. 1017, 2013 WL 598436, *2 (2013) (Ginsburg, J., concurring, joined by Scalia & Breyer, JJ.); *see* Rule 11(a) of Rules Governing

1

Sec. 2255 Cases ("[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). A COA may issue only if "'the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]'" *In re Marciano,* 708 F.3d 1123, 2013 WL 703157, * 10 (9th Cir.2013) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). The issuance of a COA is "a rare step." *Murden v. Artuz,* 497 F.3d 178, 199 (2d Cir. 2008) (Hall, J., concurring). There must be "something more than the absence of frivolity or the existence of mere good faith" to justify the issuance of a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 328 (2003); *see Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010).

In this action, the Court finds that reasonable jurists would not disagree with this Court's determinations that (1) the Supreme Court did not create a retroactive rule in *Alleyne v. United States*, 133 S.Ct. 2151 (2013) because the Supreme Court did not explicitly hold that its extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), created a new rule, (*see Tyler v. Cain*, 533 U.S. 656, 663 (2001) (for the proposition that a new rule or right is not retroactive unless the Supreme Court holds it to be retroactive); *see also Gentile v. Fox*, 2014 WL 3896065 (C.D. Cal. July 11, 2014) (collecting cases rejecting the retroactivity of *Alleyne*)) and (2) even if *Alleyne* were retroactive, its holding only requires facts which increase the prescribed range of penalties -- *other than prior convictions* -- to be proven to a jury beyond a reasonable doubt; Petitioner was subject to the statutory mandatory minimum because of the judicially determined fact of his prior conviction coupled with other facts which were found by a jury, beyond a reasonable doubt (*See Alleyne*, 133 S.Ct. at 2160, n. 1.). No arguments opposing dismissal on these grounds are "adequate to deserve encouragement to proceed further." *Jennings v. Baker,* —– Fed.Appx. ——, 2013 WL 830610, * 1 (9th Cir. 2013) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, n. 4 (1983)).

Based on the foregoing, the Court hereby DECLINES to issue a certificate of appealability. The Clerk of the court is directed to forward this order and the record to the Ninth

2

Circuit Court of Appeals in reference to Ninth Cir. Case No. 11-16602. *See United States v. Asrar*, 116 F.3d 1268 (9th Cir. 1997).

IT IS SO ORDERED.

Dated:   October 1, 2014

SENIOR DISTRICT JUDGE