HEATHER E. WILLIAMS, Bar #122664
Federal Defender
DAVID M. PORTER, Bar #127024
Assistant Federal Defender
Counsel Designated for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorneys for Defendant
ALCED BROUSSARD

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALCED BROUSSARD,<br><br>Defendant. | Case No. 1:03-CR-5054 AWI-5<br><br>**STIPULATED MOTION AND [lodged] ORDER TO REDUCE SENTENCE PURSUANT TO SECTION 404 OF THE FIRST STEP ACT, P.L. 115-391**<br><br>Judge: Honorable ANTHONY W. ISHII |

Defendant, ALCED BROUSSARD, by and through his attorney, Assistant Federal Defender David M. Porter, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Jason Hitt, hereby stipulate that the Court should enter an amended judgment reducing Mr. Broussard's sentence to 130 months. The parties further stipulate as follows:

1. In 2005, defendant was convicted of conspiracy to distribute more than 50 grams of cocaine base (Count 1), and distribution of cocaine base (Count 2), distribution of more than 50 grams of cocaine base (Count 3), and possession with intent to distribute phencyclidine (Count 4). (Dkt. 104.). In its calculation of the applicable guideline range, the PSR concluded defendant was a career offender (PSR ¶ 41), subject to a guideline range of 360 month to life. (PSR ¶ 91.) Because the statutory maximum penalty for the offense of conviction was life (PSR ¶ 90), the base offense level under USSG § 4B1.1 was 37. (PSR ¶ 41.)

/ / /

2. Defendant was initially sentenced to a term of 300 months, representing a downward departure of approximately 17% based on overrepresented criminal history category. (Dkt. 124 at 3; statement of reasons at 2.) The Ninth Circuit Court of Appeals remanded the case, however, for resentencing because it concluded Mr. Broussard was not a career offender. (Dkt. 178.)

3. In 2007, defendant was sentenced to a term of 240 months, the statutory mandatory minimum sentence. (Dkt. 187.)[1]

4. On December 21, 2018, the First Step Act was enacted. First Step Act of 2018, S. 756, Pub. Law 115-391. Section 404 of the Act states that the sentencing court may, upon motion of the defendant, an attorney for the government, or the court, "impose a reduced sentence as if section 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."

5. The parties agree that defendant is eligible for a reduction of his sentence under Section 404. Specifically, had sections 2 and 3 of the Fair Sentencing Act of 2010 been in effect at the time the offense was committed, defendant would have been subject to a term of "not less than 10 years." 21 U.S.C. § 841(b)(1)(B) (2010). The applicable guideline range is 130 to 162 months, and the mandatory minimum penalty is no longer 240 months.

6. Accordingly, the parties request this Court issue the order lodged herewith reducing Mr. Broussard's sentence to 130 months on all counts to run concurrently, all other terms of the judgment remaining unchanged.

7. The undersigned counsel for defendant affirms that he has discussed this stipulation with defendant and that defendant has authorized counsel to enter into this agreement on his behalf. The undersigned counsel also affirms that, so long as the Court accepts this

---

[1] The court found the base offense level under USSG § 2D1.1(c)(3) and 2D1.1(a)(3) to be 30, and subtracted two levels for mitigating role, resulting in a total offense level of 28. With a criminal history category of V, the resulting guideline range was 130 to 162 months. (Dkt. 194 at 7.) But because a prior conviction was filed under 21 U.S.C. § 851, defendant was subject to "the mandatory minimum 20-year, or 240-month sentence." (*Id*. at 7-8.)

Stipulation and Order Re: Sentence Reduction 2

stipulation, defendant waives his right to be present when the Court reduces his sentence, to any hearing, and to any findings to which he might be entitled. The defendant has so indicated, and counsel joins in that waiver.

Respectfully submitted,

| | |
|---|---|
| Dated: March 25, 2019 | Dated: March 25, 2019 |
| McGREGOR SCOTT<br>United States Attorney | HEATHER E. WILLIAMS<br>Federal Defender |
| /s/ *Jason Hitt*<br>JASON HITT<br>Assistant U.S. Attorney | /s/ *David M. Porter*<br>DAVID M. PORTER<br>Assistant Federal Defender |
| Attorney for Plaintiff<br>UNITED STATES OF AMERICA | Attorney for Defendant<br>ALCED BROUSSARD |

**ORDER**

This matter came before the Court on the stipulated motion of the defendant for reduction of sentence pursuant to the First Step Act, P.L. 115-391.

The parties agree, and the Court finds, that Mr. Broussard is entitled to the benefit of Section 404 of the First Step Act, resulting in a guideline range of 130 to 162 months.

IT IS HEREBY ORDERED that the term of imprisonment imposed in January 2007 is reduced to a term of 130 months on all counts to be served concurrently.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence, and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, Mr. Broussard shall report to the United States Probation Office within seventy-two hours after his release.

Defendant's pro se motions filed February 4, 2019 (dkt. 298), February 29, 2019 (dct. 300), and March 4, 2019 (dkt. 301) are dismissed as moot.

IT IS SO ORDERED.

Dated: __March 25, 2019__          _____
                                           SENIOR DISTRICT JUDGE