# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>ALCED BROUSSARD,<br><br>Defendant | CASE NO. 1:03-CR-5054 AWI-5<br><br>**ORDER ON DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>(Doc. No. 307) |

On April 15, 2020, Defendant Alced Broussard ("Broussard") filed a motion for early termination of supervised release. See Doc. No. 307. The Court ordered the United States and the Probation Department to file a response. The United States filed no response, but the Probation Department filed an opposition on May 13, 2020. See Doc. No. 310. On May 19, 2020, the Defendant filed a reply. See Doc. No. 311. After consideration, the Court will deny Defendant's motion.

*Background*

On July 6, 2005, following a jury trial, Defendant was sentenced by District Judge Wanger to 300 months in prison and 60 months supervised release for four violations of law: one count of 21 U.S.C. §§ 841 and 846 (conspiracy to distribute cocaine base), two counts of 21 U.S.C. § 841(a)(1) (distribution of cocaine base), and one count of 21 U.S.C. § 841(a)(1) (possession with intent to distribute PCP). See Doc. No. 124. A $400 assessment was also imposed. See id. A review of the docket indicates that Defendant was in custody at least as of February 28, 2005. See Doc. No. 115.

On September 28, 2006, the Ninth Circuit affirmed Defendant's convictions, but remanded for resentencing because Defendant had erroneously been classified as a career offender. See Doc. No. 178.

On January 22, 2007, Judge Wanger resentenced Defendant to 240 months imprisonment, 60 months supervised release, and a $400 assessment. See Doc. No. 184. On September 20, 2007, the Ninth Circuit affirmed the sentence. See Doc. No. 196.

On March 28, 2019, the Court granted Defendant's motion to reduce sentence pursuant to the First Step Act. See Doc. No. 305. By stipulation, the January 2007 judgment was amended to reflect a total term of imprisonment of 130 months. See Doc. Nos. 303, 305. All other aspects of the January 2007 judgment remained unchanged. See id. The amended judgment led to the immediate release of Defendant, and Defendant began supervised release on March 29, 2019.

On April 15, 2020, Defendant filed this motion for early termination of supervised release.

*Legal Standard*

18 U.S.C. § 3583 *inter alia* permits a court to terminate a term of supervised release, after considering various factors in 18 U.S.C. § 3553. See 18 U.S.C. § 3583(e); United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014). Those factors are: (1) the nature and circumstances of the offense and the nature and characteristics of the defendant, see § 3553(a)(1); (2) the need for the sentence imposed to provide adequate deterrence, see § 3553(a)(2)(B); (3) the need for the sentence imposed to protect the public from further crimes by the defendant, see § 3553(a)(2)(C); (4) the need for the sentence to provide the defendant with needed educational, vocational, medical, or other correctional treatment or aide, see § 3553(a)(2)(D); (5) the kind of sentence and the sentencing range established for the applicable category of offense in the sentencing guidelines, see § 3553(a)(4); (6) any pertinent policy statement issued by the Sentencing Commission, see § 3553(a)(5); (7) the need to avoid unwarranted sentence disparities, see § 3553(a)(6); and (8) the need to provide restitution to any victims, see § 3553(a)(7). It is the defendant's burden to demonstrate that early termination is warranted. United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006). After considering these factors, a court may terminate supervised release "if it is satisfied that such action is warranted by the conduct of the defendant

released and the interest of justice." 18 U.S.C. § 3583(e)(1); <u>Emmett</u>, 749 F.3d at 819.  In considering the "interest of justice," the Court may also consider any "undue hardship" that the defendant might be suffering.  <u>See</u> <u>Emmett</u>, 749 F.3d at 820.  A district court must explain its decision to either grant or deny a motion for early termination of supervised release.  <u>See</u> <u>id.</u> at 820-21.

*Defendant's Argument*

Broussard argues that, since beginning his term of supervised release on March 29, 2019, he has been living with his daughter and her husband in Killeen, Texas.  Broussard states that he is 70 years old, has complied with all conditions and special conditions of his supervised release, and has paid his financial obligations in full (including the special assessment).  Broussard states that he believes that he is a productive law-abiding member of society and that he has derived the maximum benefit from supervision.  Although jurisdiction over his supervised release remains in the Eastern District of California, Broussard is supervised by the probation office in the Western District of Texas – Waco Division.  The supervising agent in Texas has authorized Broussard to represent that he has no objections to early termination of supervised release.

*Plaintiff's Opposition*

The United States has filed no opposition or response to Broussard's motion.  However, the probation office for the Eastern District of California opposes early termination.  The probation office notes that Broussard's sentence has already been commuted twice, from an original 300 month sentence.  That is, Broussard received a 13 year 8 month sentence, when he was originally sentenced to serve 25 years.  Broussard was convicted on four counts and involved a sophisticated multi-state (California, Oklahoma, and Arkansas) drug operation.  Broussard has a lengthy criminal history, dating back to 1982, that included felony and misdemeanor convictions prior to this case.  He is a career criminal.  Additionally, although not written, the standard practice in the Eastern District requires an offender to successfully complete at least 3 years of a 5 year supervision term.  The supervising Texas agency had no objection to this standard practice and noted that the Western District of Texas has a similar practice.  The supervising Texas agent explained that, but for Broussard's status as a career criminal, Broussard would be assigned to the

low intensity/risk caseload instead of the moderate to risk caseload.  Within Western District policy, Broussard could be assigned to the low intensity caseload in March 2022.  To date, however, Broussard has only completed approximately 13.5 months of supervised release.  Probation argues that Broussard should be continued on supervised release for a minimum total of 3 years, and the Texas agent has no objection to that result.  Continued supervised release will create some deterrent effect and hold Broussard accountable for his conduct, as well as proved community and support services that he may need.  Although Broussard's age is a factor to consider, there are many offenders on supervised release that are older and still deemed to be a moderate to high risk because of there criminal histories, length of time in custody, and lack of supervision.

*Reply*

Broussard argues that the crimes in issue were committed 17 years ago.  The Presentence Report recognized that Broussard's participation in the drug operation was minor and that Broussard was a "mule," or currier, which resulted in a 2-level reduction in offense level.  Broussard also argues that his conduct in prison was excellent.  Exhibits from the Bureau of Prison show that prison officials found him to be a model of honest living, had positive attitudes and practices that reduced the likelihood of recidivism, he had outstanding work performance evaluations and work ethic, he was committed to a successful transition out of prison and successful assimilation into society, and he was committed to forming accountability relationships once released.  These observations were made by people who saw Mr. Broussard over the last 15 years.  Broussard argues that these observations, combined with his advanced age, demonstrate that there is very little risk posed to the community from early termination.  Broussard also argues that a policy that requires 3 years of completed supervision is contrary to the law.  Broussard also argues that his sentence was never "commuted" by the executive branch, rather, his sentence was reduced due to legal error in the original sentence and an act of congress for the first amended sentence.  That is, his sentence was reduced based on legally meritorious positions.

*Discussion*

Initially, the Court agrees with Broussard regarding the standard practice of the probation

department.  The opposition indicates that the Eastern District probation department requires an offender to successfully compete 3 years of a 5 year term.  However, the law is clear.  18 U.S.C. § 3583(e) grants the Court authority to terminate supervised release any time after one year of supervised release.  See 18 U.S.C. § 3583(e)(1).  There is no statute that requires an offender to complete 3 years of a 5 year term.  Denying Broussard's motion on the basis that an offender has completed something less than 3 years of a 5 year term of supervised release is contrary to law.  While the Court will clearly consider the amount of time that Broussard has successfully spent on supervised release, the fact that he has spent less than 3 years on supervised release does not disqualify him.

Without a firm position from his supervising probation officer regarding early termination,[1] Broussard has identified his age, his good performance in prison, and his successful probation performance for about 13 months as a basis to justify early termination.  The Court agrees with Broussard that his record in prison is some indication that he will not be a threat to the community.  However, the concern now is how Broussard will behave outside of that prison structure.  Supervised release provides further accountability and assistance (albeit on a lesser and different basis than prison) as Broussard transitions back into society.  The Court also agrees that, statistically speaking, Broussard's age makes him a relatively low threat to the community in terms of recidivism.[2]  However, as the probation office rightly points out, there are many people at or above Broussard's age that remain on supervised release.  That Broussard is 70 years old does not of itself justify early termination.  Finally, it appears that Broussard has performed well on supervised release.  There is no indication that Broussard has had any violations of the conditions of his supervised release.  However, his compliance is over a relatively short period of time, and full compliance with the conditions of supervised release is what is expected of any released prisoner.  See United States v. Lopez, 2019 U.S. Dist. LEXIS 194977, *2 (S.D. Cal. Nov. 7,

---

[1] It appears that the supervising Texas agent initially supported early termination of supervised release.  However, it now appears that the Texas agent now has no objection to keeping Broussard on probation.  The Court can only conclude that the supervising Texas probation officer is ambivalent to Broussard's request.

[2] According to 2016 statistics from the Bureau of Prisons, prisoners who were released prior to age 21 had a 67.6% recidivism rate, while prisoners who were released when they were over age 60 had a recidivism rate of 16%.  See /www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2016/recidivism_overview.pdf

2019); United States v. Olson, 2018 U.S. Dist. LEXIS 161184, *3 (E.D. Cal. Sept. 20, 2018); United States v. Bouchareb, 76 F.Supp.3d 478, 480 (S.D. N.Y. 2014).

With respect to the other considerations of § 3553, Defendant was sentenced for a drug crime, has an extensive criminal history, and is considered a career criminal.  Drug offenses are all too common, and the adverse effects that drug crimes have on society is well known.  Terminating supervised release with approximately 80% of the term yet to be served would not help deter drug offenses.  Finally, there does not appear to be any undue hardship that Broussard is experiencing from his supervised release.

Given these considerations, the Court concludes that Broussard has not met his burden of showing that early termination is justified.  Broussard's motion boils largely down to reliance on his age and 13 months of compliance.  However, as noted, compliance is expected, and Broussard's period of compliance is not lengthy.[3]  The considerations identified by Broussard do not show that it is in the interest of justice to terminate his supervised release at this time.[4]

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for early termination of supervised release (Doc. No. 307) is DENIED.

IT IS SO ORDERED.

Dated:   August 6, 2020                    _____
                                            SENIOR DISTRICT JUDGE

---

[3] The Court emphasizes that it is not setting a particular period of time that *per se* excludes a defendant for early termination of supervised release.  The Court is merely noting that, when mere compliance is a factor that is relied upon, the longer the term of compliance, the more probative value the term will have.

[4] The Court does not minimize Broussard's compliance and current stability.  If Broussard continues to demonstrate stability and compliance, or if there are new circumstances that arise, the Court sees no reason why Broussard cannot file a second motion for early termination.